UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10-3135-BLG

UNITED STATES OF AMERICA

vs.

CARL WATTS, a/k/a "Nails,"

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
 MARIA K. MEDETIS
 ASSISTANT UNITED STATES ATTORNEY
 Court Identification No.: A5501214
 99 Northeast 4th Street
 Miami, Florida 33132-2111
 Tel: (305) 961-9010
 Fax: (305) 530-7976

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

United States of America )
v. )
CARL WATTS, a/k/a "Nails," )   Case No. *10-3135-GARBER*
)
)
)
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___August 9, 2010___ in the county of ___Miami-Dade___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 992(g). | The defendant, CARL WATTS, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstatement commerce, in violation of Title 18, United States Code, Section 922(g). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Jason Gambill, Task Force Officer, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: *8-10-10*

_____
Judge's signature

City and state:  Miami, Florida

Barry L. Garber, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPORT OF A CRIMINAL COMPLAINT

Your affiant, Jason Gambill, being duly sworn, deposes and states as follows:

## BACKGROUND

1. I am a Detective with the Miami-Dade Police Department and have been so employed for (15) fifteen years. I am currently assigned as a Task Force Officer to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Task Force. As part of my duties, I am responsible for investigating violations of Federal and State laws, including those pertaining to firearms. In the course of my duties as a Detective, I participated in the investigation and subsequent arrest of defendant Carl WATTS.

2. I base the facts in this affidavit upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from other law enforcement officers. I am submitting this affidavit for the limited purpose of establishing probable cause for a criminal complaint against Carl WATTS, charging a violation of Title 18, United States Code, Section 922(g). This affidavit does not include every fact that I know about this investigation. Rather it includes those facts necessary to establish probable cause in support of the criminal complaint.

## STATUTORY AUTHORITY

3. Title 18, United States Code, Section 922(g) makes it unlawful any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to possess in or affecting commerce, any firearm or ammunition.

## PROBABLE CAUSE

4. On or about July 23, 2010, a confidential source ("CS") informed law enforcement that WATTS intended to perform an armed robbery of a Brinks truck that delivered cash every Monday to a Bank of America ATM located in Miami-Dade County.

5. Specifically, the CS told law enforcement that WATTS, a/k/a "Nails," was planning to commit an armed robbery of a Brinks armored truck at the Bank of America ATM located at NW 36 Street and NW 13 Avenue. The CS stated that WATTS knew that a Brinks armored vehicle arrived at the Bank of America ATM every Monday around 1:00p.m. to replenish the cash in the ATM. The CS stated that WATTS planned to approach the armored vehicle as the armed guard exited the rear of the vehicle with the money. WATTS planned to shoot the guard, take the money and flee from the scene.

6. Law enforcement contacted the Bank of America branch located at NW 36th street and NW. 13th Avenue and verified that Brinks security personnel did in fact deliver cash to that ATM every Monday at approximately 1:00 p.m. Law enforcement further determined that WATTS was a previously convicted felon.

7. On or about August 2, 2010, surveillance was established at WATTS's residence located at 2754 NW 55th Street in Miami, Florida. WATTS left his residence in his 2008 Cadillac Escalade Florida tag number PU47S. Law enforcement continued to surveill WATTs and observed WATTS drive to the ATM at N.W. 36th Street and N.W. 13th Avenue. While the Brinks Armored vehicle was making its scheduled stop at the Bank of America ATM, WATTS drove past the Brinks truck paused in his vehicle and then drove away.

8. On August 9, 2010, surveillance was again established at WATTS's residence, WATTS was observed parking said vehicle in the driveway of his residence, as WATTS exited

2

the vehicle law enforcement approached WATTS and advised him of the investigation regarding the proposed robbery. WATTS at first denied any involvement in the planned robbery. Law enforcement then obtained written consent from WATTS to search his residence for contraband and firearms. WATTS handed law enforcement the keys to his residence at which time he directed law enforcement which key to use to unlock the front door.

9. During the search law enforcement recovered a loaded Springfield XD semi-automatic .9mm firearm from WATTS' bedroom dresser drawer and two boxes of ammunition on top of the dresser. Said firearm is manufactured outside the state of Florida and therefore has traveled in interstate commerce before reaching Miami. At that time, law enforcement arrested WATTS for the unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. Section 922(g), and Mirandized WATTS.

10. In a post-*Miranda* statement, WATTS admitted that the firearm belonged to a friend, that the friend left the firearm in WATTS' custody approximately one month ago, and that WATTS has handled the gun and kept it in his dresser since that time.

[THIS SPACE INTENTIONALLY LEFT BLANK]

11. Based upon my training and experience, and as further supported by the facts in this affidavit, I respectfully submit that there is probable cause to believe that the defendant, Carl WATTS, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year – that is a felony, knowingly possessed a firearm in or affecting interstate commerce.

12. I declare under penalty of perjury that the information in this affidavit is true and correct.

FURTHER YOUR AFFIANT SAYETH NOT.

Jason Gambill, Task Force Officer, ATF

Subscribed and sworn to before me, this 10th day of August, 2010.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

4